[Civ. No. 4770. Fourth Dist. Nov. 22, 1954.]

ARTHUR W. P. FRISTAD et al., Respondents, v. BEN B. THOMPSON, Appellant.

Willard H. Winder for Appellant.

Harmon C. Brown for Respondents.

BARNARD, P. J.—This is an action for a rescission. On June 1, 1946, these parties entered into a contract by which the plaintiffs agreed to buy and the defendant agreed to sell a 5-acre tract of land. The purchase price was $4,500, payable $550 down, with the balance payable in monthly payments of $30, including interest. If and when the purchase price was fully paid, the defendant agreed to execute and deliver to the plaintiffs ''a good and sufficient deed conveying said land free and clear of all encumbrances made, done or suffered by'' him. The contract also provided for the conveyance of a 25-foot right of way across other land for the purpose of entry to the property. This contract was recorded on October 9, 1946, and all payments were made until this action was brought.

The complaint, filed in December, 1949, alleged that while the plaintiffs were not in default the defendant breached the contract by conveying to the city of Riverside, by grant deed, a perpetual easement and right of way across this property 10 feet in width and 1042 feet in length; that this deed provided that the grantee shall have the right to pass over said strip of land, and deposit tools and other material thereon, whenever necessary for the purpose of construction, reconstruction, or maintenance of a sewer; that said deed was executed on March 16, 1948, and recorded on August 31, 1948; that thereafter, at a date unknown to the plaintiffs, the city of Riverside went into possession of said easement and constructed a sewer line thereon with manholes and sewer con-

nections; and that said sewer right of way severs the land agreed to be sold to the plaintiffs into two parts, and plaintiffs cannot build over or make use of said strip because of said provisions. It was also alleged that on April 21, 1947, and on April 15, 1947, the defendant deeded certain property to third parties, including the right of way above mentioned, thereby depriving plaintiffs of said right of way. It was further alleged that by these deeds to the city of Riverside and to these third parties the defendant has put it out of his power to perform said contract, or to furnish to the plaintiffs a good merchantable title to said property; that the plaintiffs had no knowledge of the conveyance to the city of Riverside until March, 1949, and no knowledge of the deeds to the third parties until October 1, 1949; and that notice of rescission had been served and a quitclaim deed executed and made available to the defendant. The defendant's answer alleged that he had granted to the city of Riverside a perpetual easement and right of way across this property only to the extent of his own rights in the property, and without prejudicing plaintiffs' right under the contract; alleged that the deeds he had given to the third parties were made subject to plaintiffs' right of way, and that the grantees in said deeds had knowledge and notice of the plaintiffs' rights; and further alleged that the plaintiffs had been guilty of laches and unreasonable delay in bringing this action. The defendant also filed a cross-complaint, seeking to enforce the original contract.

There was evidence at the trial that the plaintiffs intended to subdivide this land for the purpose of building homes; that they were willing to have a sewer put in, but not at this location; that this sewer, as located, would destroy two building lots and would interfere with the proper length of other lots; and that plaintiffs were away from the community a large part of the two years following the date of the deed to the city of Riverside. There was a conflict in the evidence as to the time when the plaintiffs acquired actual knowledge of the construction of the sewer. Findings were waived, and a judgment was entered providing for a rescission and cancellation of the contract; awarding the plaintiffs $2,940.44 with interest; and decreeing that the defendant take nothing on his cross-complaint. The defendant has appealed.

The appellant contends that his deed of an easement to the city of Riverside and his deeds conveying rights of way to third parties did not breach the contract, and have not put it out of his power to convey a marketable title to the respond-

ents. It is argued that his deed to the city of Riverside was, in effect, a quitclaim deed since it contained the following: "It is understood that each party grants said easement, only of such property included within his fee"; that being merely a quitclaim deed it conveyed to the city only such rights as the appellant then had, and did not prejudice the respondents' rights; that since the original contract was recorded the city took the easement subject to the rights of the respondents; that if the construction by the city of the sewer was wrongful, as to the respondents, they then had a cause of action against the city; and that the appellant cannot be held responsible for the wrongful acts of another. It is further argued that the other deeds to the third parties contained a provision making them "subject to usual rights of way, reservations and restrictions of record"; that the third parties had actual and constructive notice of respondents' rights; and that it follows that these third parties took subject to the rights of the respondents.

 Findings of fact were waived, and all presumptions are in favor of the judgment. The deeds in question were admitted in evidence but these exhibits have not been sent to this court, and it cannot be told whether or not the deed to the city of Riverside was, in legal effect, a quitclaim deed. The record, such as it is, indicates the contrary. In any event, that matter would not be controlling. In principle, the material facts of this case are precisely similar to those in *Switzler* v. *Robert A. Klein & Co.*, 94 Cal.App. 410 [271 P. 367], where a rescission was upheld, with the possible exception that the original contract in that case may not have been recorded. By his deed to the city of Riverside the appellant conveyed all the title he had with respect to the strip in question, and made it impossible for him to later give a deed to the respondents which would have conveyed to them the clear and unencumbered title called for by their contract. Moreover, he made it impossible by such a deed to give to them a clear right of possession, and it clearly appears that the city of Riverside has taken possession of this strip and is making use of the strip under a claim of right to do so. Assuming that the city of Riverside acted wrongfully as against the respondents, in taking possession of this strip, the appellant played an important part in enabling it to do so and is in no position to claim that he is without blame, or to place an added burden of that nature on the

respondents. ■ The respondents were entitled to a conveyance of the full title and to possession of all of the property, upon full payment of the purchase price, and the appellant was obligated to give them such title and possession. After his deed to the city he was in no position to do so, and the respondents were not obliged to accept a mere paper title, to bring an action for possession against another party, and to rely upon their possible success in such an action. (*Cords* v. *Goodwin,* 173 Cal. 61 [159 P. 138].) ■ Whether or not the appellant's deed to the city was in effect merely a quitclaim, the record supports the court's action in decreeing a rescission and in giving a judgment for the return of the amounts paid. It is unnecessary to consider the question as to whether or not the deeds to the third parties, with respect to a right of way, sufficiently protected the rights of the respondents.

The appellant further contends that respondents were not entitled to a rescission because they failed to act promptly in rescinding their contract. ■ As a general rule, there is no laches in failing to give notice of rescission before the time has arrived for a final payment under such a contract because the vendor had until such time to make his title good. (*Craig* v. *White,* 187 Cal. 489 [202 P. 648].) There was no duty resting upon these respondents, under the circumstances here appearing, to keep up a continuous search of the records for the purpose of seeing whether their vendor had recorded something which might affect their future right to receive a full conveyance. As far as actual notice is concerned, there is a conflict in the evidence, and nothing appears which would conclusively show, as a matter of law, that the respondents had been guilty of a delay which would defeat their claim for this equitable relief.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.